# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                               Case No. 16-10091-JTM-01, 02

RANDALL D. PATTERSON and
ANTHONY LIVESTOCK CO.,

    Defendant.

## MEMORANDUM AND ORDER

The Fourth Superseding Indictment ("FSI") charges defendants with one count of wire fraud in violation of 18 U.S.C. §§ 1343 and 2. Before the court are defendants' Third Motion for Bill of Particulars (Dkt. 51), Motion to Dismiss Indictment (Dkt. 52), and Motion in Limine (Dkt. 53). In response to the latter motion, the government states that it does not intend to offer evidence regarding the administrative order and correspondence identified therein in its case-in-chief as long as defendants do not open the proverbial door. Given the government's response, the court denies the motion in limine as moot.

The remaining two motions are inter-related. Defendants claim the FSI is fatally defective because it fails to allege that the purported misrepresentations were material, an essential element for a wire fraud charge. Alternatively, defendants request the government provide a bill of particulars that:

    (a) identify each fax that contains the material false and fraudulent statement(s) and representation(s);

1

(b) identify the specific language of the faxes that is materially false and fraudulent and why it is so;

(c) identify and provide the agreement that defendants executed with Five Rivers;

(d) identify and provide the agreement that defendants executed with Innovative;

(e) identify the requirement/duty or the regulatory bases why failing to disclose the purchase price and commission charged is required;

(f) identify and provide the agreement that defendant executed with the "other cattle feeding companies" referenced in the Fourth Superceding Indictment, and

(g) identify and provide the written agreement that defendants executed with Grant County Feeders as sworn to by Agent Pritchett.

The court finds the FSI sufficiently sets forth the elements of wire fraud because it tracks with the applicable statute's language. And contrary to defendants' arguments, the court finds the FSI does allege that "the false and fraudulent pretenses and representations" were material. Defendants' construction of the FSI is flawed because it assumes adverbs only modify verbs. The FSI alleges that defendants "devised a scheme to obtain money by means of materially false and fraudulent pretenses and representations . . . ." Defendants argue the adverb "materially" modifies the verb "devise" because it's the closest verb. Dkt. 52 at 8. As a result, they contend the FSI alleged that defendants materially devised a scheme to defraud, rather than that the misrepresentations were material. *Id.* at 8-9. Adverbs, however, also modify clauses, adjectives, other adverbs or adverbial phrases. Dictionary.com, http://www.dictionary.com/browse/adverb (visited April 11, 2017); Woodward English, http://www.grammar.cl/english/compound-adjectives.htm (visited April 11, 2017). Here, "materially" immediately preceded the adjectives "false and fraudulent," which modified the nouns "pretenses and representations." Thus, the FSI alleged the misrepresentations were material. This construction comports with the common usage of the word "material"; while defendants' construction (defendants materially devised a scheme to defraud) makes little sense.

As for defendants' motion for a bill of particulars, the court grants it in part. A bill of particulars serves to "inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense." *United States v. Levine*, 983 F.2d 165, 166–67 (10th Cir. 1992) (citations and internal quotation marks omitted). *See United States v. Ivy*, 83 F.3d 1266, 1281 (10th Cir. 1996). The defendant bears the burden to demonstrate that, in the absence of a bill of particulars, he or she will not have any meaningful opportunity to prepare a defense, risks unfair surprise at trial, or faces a serious risk of double jeopardy. *See United States v. Diaz*, 2011 WL 6118610, *2 (D. Kan. Dec. 8, 2011). Whether to grant a bill of particulars under Rule 7(f) is committed to the discretion of the court. *Will v. United States*, 389 U.S. 90, 99 (1967).

Defendants ask the court to require the government to: (a) identify each fax that contains the material misrepresentations, and (b) identify the specific language of the faxes that is materially false and fraudulent. The FSI informed defendants that they are charged with a wire fraud scheme based on their misrepresentations of the price ALC paid for the cattle and its failure to disclose the actual commission charged by ALC. Thus, defendants have failed to provide a basis to require the government to identify the specific language of the faxes that is materially false and fraudulent.

Defendants also seek information about the agreements between the defendant and his victims, the applicable regulatory bases, and the agreement referenced in the Application for Search Warrant [see (c)-(g) above]. The FSI informed defendants that they have a fiduciary duty to its customers based on their registration under the Packers and Stockyards Act of 1921. FSI at ¶ 2. Thus, defendants have failed to provide a basis for the items requested in (c)-(g) above. Those requests appear to be an attempt to determine what evidence the government will produce. A criminal defendant "is not entitled to notice of all of the *evidence* the government intends to

3

produce, but only the *theory* of the government's case." *Levine*, 983 F.2d at 166-67 (citations and internal quotation marks omitted) (emphasis in the original). Where the government complies with its discovery and disclosure obligations, a bill of particulars will be granted only rarely. *See United States v. Ard*, 2011 WL 686178, *3 (D. Kan. Feb. 18, 2011) (the court "has seldom granted discovery in a full disclosure case"). A request for a bill of particulars which "reads like a discovery request in which [defendant] seeks all the factual proof the government intends to offer at trial" will be denied, since "[a] bill of particulars is not the proper vehicle to obtain the government's evidence." *Diaz*, 2011 WL 6118610, at *2 (citing *United States v. Barbieri*, 614 F.2d 715, 719-20 (10th Cir. 1980).

The court, however, will require the government to identify the bates number of each fax that contains the material misrepresentations charged in the FSI. Presumably, the identified documents will contain dates, which will allow defendants to prepare a statute of limitations defense. Additionally, the identified documents will presumably identify the victims of the fraud to assist with defendants' double-jeopardy defense.

**IT IS THEREFORE ORDERED** this 13th day of April, 2017, that defendants' motion to dismiss (Dkt. 52) and motion in limine (Dkt. 53) are **DENIED**. Defendants' motion for a bill of particular is **GRANTED in part and DENIED in part**. The government shall provide the bates number of each fax that contains the material misrepresentations charged in the FSI by April 19, 2017.

s/ J. Thomas Marten
Chief United States District Judge